IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LAMANE SALLA DIOP,

    Petitioner,

    v.                                Civil No. **3:26cv187 (RCY)**

FIELD OFFICE DIRECTOR, U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,

    Respondent.

### MEMORANDUM ORDER

Lamane Salla Dior Diop ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition," ECF No. 4), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE").[1] Petitioner alleges, *inter alia*, that Respondent's application of 8 U.S.C. § 1225(b)(2) to mandate his detention violates the Immigration and Nationality Act (Ground One). ECF No. 4, at 6–7.[2] For the reasons set forth below, the Petition is GRANTED as to Ground One. The Court ORDERS Respondent to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

### I.    BACKGROUND

Petitioner provides very little information in his Petition. Petitioner acknowledges that he had a criminal charge, but denies that the charge resulted in a conviction. ECF No. 4, at 6. However, the documents submitted by Petitioner indicate that Petitioner has been charged multiple times with a variety of traffic and other offenses. *Id.* at 9–10.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] Because the Court grants the Petition on statutory grounds, it need not address Petitioner's other arguments for relief.

On April 7, 2026, Petitioner filed his properly sworn Petition in this Court. ECF No. 4. It appeared to the Court that the factual circumstances and legal issues presented in the Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 5. Accordingly, the Court issued a Memorandum Order directing Respondent to file within seven (7) days a notice indicating that the factual and legal issues presented in this Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id*. at 1–2. The Court further noted that should Respondent confirm there are no material differences between this petition and *Ortega Miranda*, the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* Respondent timely submitted his Notice to the Court's Memorandum Order. ECF No. 6. Consistent with the Court's Memorandum Order, Respondent recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* at 1.

## II.    STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III.   ANALYSIS

The central question posed in the Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  ECF No. 1, at 6–7.  In opposition, Respondent supports the Court's incorporation of the arguments and rationale recently rejected in *Ortega Miranda*, ECF No. 19.  ECF No. 6.  Here, as in *Ortega-Miranda*, Respondent insists that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions.  *See Ortega Miranda*, ECF No. 14 at 5–22.

This Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), into this Memorandum Order. That same reasoning has been applied in several cases before courts in this district,[3] and where courts have required that a petitioner be provided a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond.[4]

Petitioner has been present in the United States for many months, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a).  Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk.  8 U.S.C. § 1226(a); 8 C.F.R.

---

[3] *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025).

[4] *See, e.g.*, *Ortega Miranda*, No. 3:25-cv-769, (E.D. Va. Feb. 3, 2026) (released after satisfying bond of $1,500); *Gomez Alonzo v. Simon et al.*, No. 1:25-cv-1587-LMB-LRV, ECF No. 20 (E.D. Va. Oct. 9, 2025) (released after satisfying bond of $1,500); *Campos-Flores v. Bondi*, No. 3:25cv797, 2025 WL 3461551  (E.D. Va. Dec. 2, 2025) (released after satisfying bond of $10,000).

§ 1236.1(d)(1).  Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that, subsequent to *Ortega Miranda*, a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026).  Indeed, out of circuit precedent, though not binding on this Court, may be considered for its persuasive value.  *Folkes v. Nelsen*, 34 F.4th 258, 286 (4th Cir. 2022) (rejecting out of circuit precedent because it "provides no persuasive reasoning").  However, the Court declines to follow the majority's strained reasoning in both *Buenrostro-Mendez* and *Avila* and instead finds the dissents persuasive.  In both opinions, the majority's conclusion rests largely on equating "applicant for admission" with "seeking admission" and disregarding longstanding agency practice, an approach that conflicts with the Supreme Court's description of the statutory framework in *Jennings v. Rodriguez* and risks rendering significant portions of § 1226 superfluous.  *See Avila*, 170 F.4th at 1135–37; *Buenrostro-Mendez*, 166 F.4th 502–506.  The Fifth Circuit's dissent persuasively explains these flaws and cautions against an interpretation that would dramatically expand mandatory detention without a clear statement from Congress.  *Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting) ("The majority stakes the largest detention initiative in American history on the possibility that 'seeking admission' is like being an 'applicant for admission,' in a statute that has never been applied in this way, based on little more than an apparent conviction that Congress *must have* wanted these noncitizens detained—some of them the spouses, mothers, fathers, and grandparents of American citizens. Straining at a gnat, the majority swallows a camel.").  Accordingly, the Court declines to adopt the Fifth Circuit or the Eighth Circuit's reasoning.

## IV.   CONCLUSION

For the above reasons, the Petition (ECF No. 4) is GRANTED.  It is ORDERED that:

1.       Respondent SHALL provide a copy of the Memorandum Order to Petitioner.

2.       Respondent SHALL provide Petitioner with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a).  The Immigration Court SHALL provide Petitioner with the opportunity for a bond hearing before any hearing on the merits of his removal, and no later than seven (7) days from the date of entry of this Order.

3.       Respondent is ENJOINED from denying bond to Petitioner on the sole basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4.       Respondent is ORDERED to file a status report with this Court within three (3) days after Petitioner's bond hearing and before any hearing on the merits, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reason for that denial.

5.       In the event that Petitioner is released on bond, Respondent is ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

6.       Should Petitioner be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[5]

The Clerk is DIRECTED to send a copy of this Memorandum Order to Petitioner and Respondent.

It is so ORDERED.

_____ /s/

Roderick C. Young
United States District Judge

Date:   April 29, 2026
Richmond, Virginia

---

[5] Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process."  *Hasan*, 800 F. Supp. 3d  at 661.

5